UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

NADIA ALMASRI, and
AHMED ALMASRI,

    Defendants.
_____/

## ORDER

THIS CAUSE is before this Court <u>sua sponte</u>. On August 24, 2000, this Court began to conduct a hearing ("Garcia Hearing") as required by Federal Rule of Criminal Procedure 44 and <u>United States v. Garcia</u>, 517 F.2d 272 (5th Cir. 1975), to determine whether Attorney Mark Nejame could represent both wife and husband, Nadia Almasri and Ahmed Almasri, in the pending matter. On August 24, 2000, the Garcia Hearing was continued until September 6, 2000.

At the August 24, 2000 Garcia Hearing, Nadia Almasri and Ahmed Almasri were represented by, Eric Barker because Attorney Mark Nejame was unable to attend. An Arabic interpreter was provided for both Defendants. The Government was also present.

The Court advised the Defendants of the charges against them and advised the Defendants of the maximum penalty that could be imposed if either was convicted. Defendants acknowledged that they understood the charges. In accordance with Rule 44(c),[1] the Court advised each of the

---

[1] Federal Rule of Criminal Procedure 44(c) states as follows:

    Whenever two or more defendants have been jointly charged pursuant to Rule 8(b) or have been joined for trial pursuant to Rule 13, and are represented by the same retained or assigned counsel



Defendants of there right to separate representation. The Court expressly recommended that each Defendant obtain separate counsel and also informed each Defendant that if they could not afford separate counsel, the Court would provide separate counsel free of charge. The Court then advised the Defendants of a litany of potential hazards of joint representation. The Court again urged the Defendants to obtain separate counsel and advised that the Court would appoint counsel for free. Both Defendants acknowledged that they understood the hazards of joint representation and maintained that they both wanted Attorney Nejame to represent each of them.

Attorney Barker stated that he believed that there would be no conflict speculating that Nadia Almasri's case would be disposed of through pretrial diversion. However, the government stated that there was no pending offer of pretrial diversion. In addition, Nadia Almasri stated that she was innocent. Although Nadia Almasri acknowledged that she understood the conflict of interest, she maintained that she wanted Attorney Nejame to continue representing her. During the hearing, the interpreter expressed reservations about whether Nadia Almasri understood what she was acknowledging.

Considering the statement by Nadia Almasri that she was innocent and her counsel's statement that she would nonetheless seek pretrial diversion coupled with the concerns raised by the interpreter and this Court's personal observations, the Court ordered that the hearing would be continued so that Attorney Nejame could attend. In addition, the Court appointed the Federal Public Defender to represent Nadia Almasri in the continued Garcia Hearing and ordered that the Federal Public Defender consult with Nadia Almasri outside of the presence of her husband.

---

or by retained or assigned counsel who are associated in the practice of law, the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel.

On September 6, 2000, the Garcia Hearing was continued and completed. Both Defendants were present. Ahmed Almasri was represented by Attorney Nejame. Nadia Almasri was represented by Federal Public Defender Robert Adler. An Arabic interpreter was again provided for both Defendants. The government was also present.

At this hearing, Attorney Adler informed the Court that he had conferred with Nadia Almasri and discussed the potential conflicts of joint representation. Nonetheless, Attorney Adler stated that his client still wanted Attorney Nejame to represent her. The Government also stated that pretrial diversion was possible and that the Government did not intend to call Nadia Almasri as a witness. The Court again informed the Defendants of the perils of joint representation. Both Defendants acknowledged that they understood the hazards and maintained that they both wanted Attorney Nejame to represent them. Both Defendants acknowledged that they were waiving their right to attack any subsequent disposition based on joint representation.

Considering that each Defendant was fully advised of his or her right to separate representation and advised of the hazards which inhere to joint representation, that both Defendants knowingly and voluntarily consented to joint representation, and that Nadia Almasri is a prospective candidate for pretrial diversion and that the Government does not intend to call her as a witness at this time, this Court finds that, at this time, the conflict of interest issue has been waived by both Defendants and that the Defendants' right to choose counsel of their choice outweighs any potential or real conflict.

IT IS THEREFORE ORDERED that Attorney Mark Nejame may jointly represent both Nadia Almasri and Ahmed Almasri in this matter with the following conditions:

(1) If there is a trial and Nadia Almasri is either a witness or a defendant against or with Ahmed Almasri, joint representation will no longer be permitted; and

(2)   If there is a trial and Ahmed Almasri is either a witness or a defendant against or with Nadia Almasri, joint representation will no longer be permitted; and

(3)   Should either scenario occur, Attorney Nejame is ordered to bring such a conflict to the Court's attention.

DONE and ORDERED in Chambers at West Palm Beach in the Northern Division of the Southern District of Florida, this ____ day of September, 2000.

_____
ANN E. VITUNAC
United States Magistrate Judge

Copies To:
AUSA Laurence Bardfeld (Fort Lauderdale)
Federal Public Defender Robert Adler (WPB)
Mark Nejame, Esq.