```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
```

UNITED STATES OF AMERICA,              CASE NUMBER 00-6211-CR-HURLEY
    Plaintiff,                     ~~Magistrate Judge Vitunac~~

vs.

AHMAD ALMASRI,
    Defendant.
_____/

### ORDER FOR SUBSTITUTION OF COUNSEL

THIS MATTER having come before the Court upon Defendant's Motion For Substitution Of Counsel certified on April 2, 2001, and the Court having been fully advised, it is hereby

ORDERED AND ADJUDGED that HOWARD L. GREITZER and LYONS AND SANDERS CHARTERED be and are hereby withdrawn as attorneys for the Defendant and F. WESLEY BLANKNER, JR. is hereby stipulated in stead.

DONE AND ORDERED at West Palm Beach, Florida this 5 day of April, 2001.

_____
HONORABLE DANIEL T.K. HURLEY
UNITED STATES DISTRICT JUDGE

Copies to:
Howard L. Greitzer, Esquire
F. Wesley Blankner, Jr., Esquire
Laurence M. Bardfeld, AUSA
Fred Haddad, Esquire
Glenn Seiden, Esquire
Richard Hamer, Esquire
Randee Golder, Esquire
John Howes, Esquire
Paul Goodman, Esquire
Timm Biosello, Esquire
Charles White, Esquire

*[Handwritten note: Counsel is ordered to follow local rule 5.1]*

**D. Notice to Court.** It shall be the continuing duty of the Clerk and of the attorneys of record in every action or proceeding to bring promptly to the attention of the Court and opposing counsel the existence of other actions or proceedings as described in paragraphs A, B, and C hereof, as well as the existence of any similar actions or proceedings then pending before another court or administrative agency. Such notice shall be given by filing with the Court and serving on counsel a "Notice of Pendency of Other Actions," containing a list and description thereof sufficient for identification.

Effective Dec. 1, 1994.

## Authority

(1993) Former Local Rule 6.

## Comments

(1993) Renumbered per Model Rules. Minor stylistic changes. Change to last sentence of B.

**RULE 5.1 FILING AND COPIES**

**A. Form.** All civil and criminal pleadings, motions, and other papers tendered for filing shall:

1. Be accompanied by one clear photo copy. When filing a civil complaint for which issuance of initial process is requested, three additional copies for each summons must be submitted.

Exceptions:

(a) Those litigants who have been allowed to proceed in forma pauperis shall not be required to submit duplicate copies. However, they are encouraged to do so.

(b) Transcripts of state court hearings/trials; administrative records in Social Security cases, and extensive exhibits to motions for summary judgment, unless otherwise directed by court order.

2. Be on standard size 8-1/2" x 11" white, opaque paper, to the extent practicable with a standard two hole punch located at the top center (required for original only).

3. Be plainly typed or written on one side with 1" margins on each side, not less than one and one-half spaces between lines except

for quoted material, and properly paginated at the bottom of each page.

4. Include a caption with:

(a) The name of the court centered across the page;

(b) The docket number, category (civil or criminal), and the last names of the assigned District Judge and Magistrate Judge, centered across the page;

(c) The style of the action, which fills no more than the left side of the page, leaving sufficient space on the right side for the Clerk to affix a filing stamp; and

(d) The title of the document, including the name and designation of the party (as plaintiff or defendant or the like) in whose behalf the document is submitted.

Exception:

The requirements of 3 and 4(a)-(d) do not apply to: (1) exhibits submitted for filing; and (2) papers filed in removed actions prior to removal from the state courts.

5. Include a signature block with the name, address, telephone number, facsimile telephone number, e-mail address, and Florida Bar identification number of all counsel for the party.

6. Not be transmitted to the Clerk or any Judge by facsimile telecopier.

7. Be submitted with sufficient copies to be filed and docketed in each matter if styled in consolidated cases.

B. **Place and Time of Filing.**  All papers after the complaint required to be served upon a party shall be filed with the clerk where the assigned Judge is chambered either before service or within three business days, thereafter.  Only in certified emergency situations where the statute of limitations is a factor, or the death of a prisoner is imminent, will pleadings be accepted in a clerk's office other than where the assigned Judge is chambered.  That office will then expedite a copy to the assigned Judge for review.  Failure to comply with this rule is not grounds for denial of the motion or dismissal of the paper filed.

C. **Three-Judge Courts.**  See Rule 9.1 for filing requirements.

D. **Restriction on Courtesy Copies.** Counsel shall not deliver extra courtesy copies to a Judge's Chambers except when requested by a Judge's office to deliver a courtesy copy to Chambers.

Effective Dec. 1, 1994; amended effective April 15, 1996; April 15, 1998; April 15, 1999; April 15, 2000.

### Authority

(1993) Former Local Rule 7; Model Rule 5.1; Administrative Order 90-64 (A.9, B).

### Comments

(1993) Telecopies not permitted to be filed. Adds reference to number of copies required for issuance of summonses, per clerk's office. Adds restriction on courtesy copies.

(1994) The addition of counsel's facsimile phone number in A.9. is consistent with the local rule amendment to permit counsel to serve each other via facsimile transmission. The other changes are grammatical or designed to make the rule gender neutral.

(1996) In recognition of the logistical problems posed by the requirement that papers must be filed with the clerk where the assigned Judge is chambered, the rule is amended to make clear that filing within three business days after service is reasonable under Fed.R.Civ.P. 5(d). The pre-1993 version of Local General Rule 7.B. required filing of papers either before service or within five days thereafter.

(1999) Subsection A has been rewritten to conform to current practice and the format of most word processors. The Clerk's Office prefers the new format because it reserves ample space for the filing stamp. Former subsections A.2, A.3 and A.4 are rewritten and renumbered, effecting changes in clarity, not substance. An updated sample form is appended to the rule, replacing the old form. Despite a stylistic change, subsection D continues to refer to both District Judges and Magistrate Judges.

(2000) Amendment to subpart 4(a) dispenses with the need for reference to the Division of the Court to avoid confusion resulting from the requirement to file papers, in accordance with Local General Rule 5.1.B, in the Division where the assigned Judge is chambered, which is different from the Division in which the case is venued. A corresponding change is make to the sample form following the rule.

-----

SAMPLE FORM FOLLOWING RULE 5.1

(Two-holed punched at top of page)
(1" from top of page, and centered,
begin title of court)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. ____-Civ or Cr-(USDJ's last name/USMJ's last name)


A.B.

       Plaintiff       [Leave space for Clerk's
                            filing stamp]

vs.


C.D.

       Defendant.

_____/


TITLE OF DOCUMENT

Effective Dec. 1, 1994; amended effective April 15, 1999; April 15, 2000.

**RULE 5.2 PROOF OF SERVICE AND SERVICE BY PUBLICATION**

**A. Certification of Service.** Each pleading or paper required by Rule 5, Federal Rules of Civil Procedure, to be served on the other parties shall include a certificate of service stating the persons or firms served, their relationship to the action or proceeding, the date, method and address of service. Signature by the party or its attorney on the original constitutes a representation that service has been made.