IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 00-CR-6211-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AHMAD ALMASRI,

    Defendant.
_____/



## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RETURN OF PROPERTY

Defendant, Ahmad Almasri, pursuant to the provisions of Fed.R.Crim.P., R.41(g) hereby moves for the return of all his property seized by the Government and held by them which is not subject to forfeiture nor warrant for seizure, nor used as evidence. Defendant adopts by reference herein his Motion for Return of Property filed herewith. In support thereof Defendant states as follows.

Federal Rules of Criminal Procedure, Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Federal Rules of Criminal Procedure, Rule 41(g).

All property which was the subject of seizure occurred within the Southern District of Florida. As to later proceedings it is unanticipated that any of the property will be used in later proceedings especially in light of the fact that the judgment in this case has become final. Thus the property should be returned, proper remedy for return of property is "pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure . . ." DeSaro v. United States, 305 F.Supp2d 1330, 1331 (S.D.Fla. 2004).

The defendant has an entitlement to the property held and unlawfully seized from the defendant. Specifically, the identification of the defendant is owned by the Jordanian government and is subject to sovereign immunity from action by the Government related to its' property. The property owned by the Jordanain Government and issued by them to the defendant creates dualopoly for the purposes of legal proceedings. Essentially, although the property of a foreign government the identification is issued to the defendant who is the succession in line for use and ownership purposes; "the person from whom the property was seized is presumed to ahve a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." United States v. Potes-Ramirez, 260 F.3d 1310, 1314 (11th cir. 2001); and the government in its' answer must support any statements that it no longer has possession of the property with affidavits under perjury, and chain of custody statements related to the property should the property have destroyed, U.S. v. Potes-Ramirez, citing United States v. Chambers, 192 F.3d 374, 377 (3rd Cir. 1999); see also, Mora v. United States, 955 F.2d 156, 158 (2nd Cir. 1992);

2

see also, Potes at 1314.  Further, the Government has held these documents for over three years and during that time the judgment has become final, and there is no other inviestigation ongoing that would require any copies made by the Government. Therefore, the defendant ahs entitlement to any copies made by the Government since the property here at issue was seized improperly at any rate. See, Sovereign News Co. v. United States, 690 F.2d 569 (6th Cir. 1982), (Plaintiff has interest in copies of business records seized . . . since business records were sole property of plaintiff, . . . therefore, when Government had held copies for a "reasonable time" and had no investigations in progress, it had to return the copies as well as the originals) Id. at 577.

Defendant's property specified herein is in fact owned by him and was unlawfully seized; that seizure took documents issued to the defendant by the government of Jordan for the use of the defendant. Further the certification and social security card are required immediately so that if needed his wife who now resides in Jordan can show proof of citizenship of her husband in and related to any Government programs she may be eligible for under Jordanian law.

Therefore, defendant would respectfully move the Court to direct the Government to produce a listing or property seized in this investigation, a chain of custody and current location of all property seized owned by the defendant as well as its' return.

Respectfully submitted,

AHMAD ALMASRI
Reg. No. 39191-018
Federal Prison Camp
P.O. Box 600
Eglin A.F.B., FL. 32542-0600

Dated: 9-3-04

_____
AHMAD ALMASRI

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Return of Property by U.S. Mail postage prepaid first class to Office of the U.S. Attorney, Thomas O'Malley, AUSA, 99 N.E. Fourth Street, Miami, FL. 33132 on this 3rd day of September, 2004.

_____
AHMAD ALMASRI