IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 00-CR-6211-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AHMAD ALMASRI,

    Defendant.
_____/

## MOTION TO AMEND PRESENTENCE REPORT

Defendant. Ahmad Almasri, hereby moves the Court to amend the Presentence Report pursuant to Fed.R.Crim.P.,R.32(d)(2)(A); (C); and Fed.R.Crim.P.,R.36 to include information relative to the defendant's history of drug and alcohol abuse.

Specifically, the Bureau of Prisons programs for Substance Abuse have become more applicable to the defendants history of drug and alcohol abuse, and as a result of the broadening of the correctional program defendant requires that the Court include the defendant's history of that abuse. See, Appendix A.

When the defendant was initially interviewed during the Pre-Sentence process he was concerned in revealing his dependency to drugs and the abuse of these substance for fear that it would create a negative impact upon him during the sentencing phase. Moreover, due to his

religious beliefs the defendant did not want to admit to himself nor to his family that he abused drugs and alcohol. As a result the psychological and substance abuse section of the Presentence Report, remains silent on these issues.

Defendant had dependency on alcohol and as is obvious used methanphetamine at times. Defendant now moves for the court to amend his Presentence Report to include this historical data so that the Bureau of Prisons may consider the defendant for inclusion in its' Residential Drug Abuse Treatment Program or commonly referred at as the 500 hours drug program. This program contains not only group seessions, it teaches the affects of abusing narcotics, and chemical dependency; it teaches and applies anger mangement techniques; and creates and furthers the participants ability to speak publicly and express his/her opinions. Further the program provides for a 6 month transitional program at a halfway house facility and post-treatment care. All these classes can only create and positively impact upon the defendant; but in order to do so requires that the Court amend the Presentence Report due to this oversight and/or error at sentencing. A proposed Order is attached for review.

```
                                    Respectfully submitted,

                                    AHMAD ALMASRI
                                    Reg. No. 39191-018
                                    Federal Prison Camp
                                    P.O. Box 600
                                    Eglin A.F.B., FL. 32542-0600
```

Dated: 9-3-04                                    _____
                                                 AHMAD ALMASRI

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Return of Property by U.S. Mail postage prepaid first class to Office of the U.S. Attorney, Thomas O'Malley, AUSA, 99 N.E. Fourth Street, Miami, FL. 33132 on this 3rd day of September, 2004.

_____
AHMAD ALMASRI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 00-CR-6211-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AHMAD ALMASRI,

    Defendant.
_____/

## AFFIDAVIT OF AHMAD ALMASRI

I AHMAD ALMASRI, under the penalties provided for perjury and pursuant to 28 U.S.C. §1746 herey state the following to be my act and deed and to be true:

1. I have in the past and as recent as just prior to my arrest in this case used methanphetamine.

2. I believe my use of methanphetamine was abusive in nature and addictive.

3. I have also in the past consumed alcohol and at times consumed alcohol in excess; I have used alcohol in excess on four or five nights a week regularly and more so in times of great trouble.

4. I began the use of alcohol as a social drinker and developed into a complete addictive substance which I relied upon on a regular basis.

5. I have hid these problems from friends and family due to what I viewed as a negative impact on the way society would treat me were my substance abuse to become known. Additionally, I hid these facts from my attorney as I feared that these facts would become prejudicial in nature in the criminal proceedings against me.

6. Had I known of the assistance that I could have received while incarcerated I would have likely revealed my substance abuse issues to the Court prior to sentencing.

I hereby state these facts under the penalties prescribed for perjury and these facts to be true.

Respectfully submitted,

AHMAD ALMASRI
Reg. No. 39191-018
Federal Prison Camp
P.O. Box 600
Eglin A.F.B., FL. 32542-0600

Dated: 9-3-04

_____
AHMAD ALMASRI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 00-CR-6211-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AHMAD ALMASRI,

    Defendant.
_____/

## ORDER AMENDING PRESENTENCE REPORT

THIS CAUSE is before the Court upon Defendant's request for the Court to amend the Presentence Report. Defendant has outlined to the Court his substance abuse problems and the fact that the Bureau of Prisons makes available the Residential Drug Abuse Treatment Program ("RDAP") for offenders while they are incarcerated. See, 28 C.F.R. §§550.56-59.

As a result of the defendant's admitted drug abuse of methanphetamine and of alcohol the Court hereby directs that the defendant while incarcerated be admitted to and enroll in the Institutional Residential Drug Abuse Treatment Program, 28 C.F.R. §§550.56-59.

By this Order the Presentence Report shall include forthwith a copy of this Order for future reference by the U.S. Probation Office upon the defendant's release.

This Order shall become an addendum to the Judgment and Commitment Order of the court dated August 29, 2002.

The Clerk of the Court SHALL forthwith transmit a copy of this Order to the Bureau of Prisons at the institution at which the defendant is confined.

**DONE AND ORDERED** at West Palm Beach, Florida on this _____ day of September, 2004.

```
                                    _____
                                    DANIEL T.K. HURLEY
                                    UNITED STATES DISTRICT JUDGE
```

Copies:    Ahmad Almasri, pro se
           U.S. Attorney
           Probation Office
           Warden-Eglin Federal Prison Camp

or, if he/she completes a structured drug abuse treatment program at one of the Bureau of Prisons' Intensive Confinement Centers (ICC).

(d) *Written consent.* All inmates who enter the drug abuse education course (whether as mandatory or as voluntary participants) are required to sign an agreement to participate prior to admission to the course.

(e) *Completion.* Completion of the drug abuse education course requires attendance and participation during course sessions and a passing grade on an examination given at the end of the course. Inmates required to participate in this course ordinarily are provided at least three chances to pass the final examination before privileges are lost or sanctions (see paragraph (b) of this section) are invoked. A certificate of achievement will be awarded to all who successfully complete the program. A copy of this certificate will be forwarded to the unit team for placement in the inmate's central file.

[59 FR 53343, Oct. 21, 1994, as amended at 60 FR 27694, May 25, 1995]

### § 550.55 Non-residential drug abuse treatment program.

Non-residential drug abuse treatment is provided at all institutions and ordinarily consists of individual and/or group counseling and self-help programming provided through the institution's Psychology Services department.

(a) *Eligibility.* An inmate must meet all of the following criteria to be eligible for the non-residential drug abuse treatment program.

(1) The inmate must have a verifiable documented drug abuse problem.

(2) The inmate must have no serious mental impairment which would substantially interfere with or preclude full participation in the program.

(3) The inmate must sign an agreement acknowledging his/her program responsibility.

(b) *Application/Referral/Placement.* Participation in the non-residential drug abuse treatment program is voluntary. An inmate may be referred for treatment by unit and/or drug treatment staff or may apply for these programs by submitting a request to a staff member (ordinarily, a member of the inmate's unit team or the drug abuse treatment coordinator). The decision on placement is made by the drug abuse treatment coordinator.

(c) *Withdrawal/expulsion.* An inmate may withdraw voluntarily from the program. The drug abuse treatment coordinator may remove an inmate from the program based upon disruptive or negative behavior.

[59 FR 53343, Oct. 21, 1994. Redesignated and amended at 60 FR 27694, May 25, 1995]

### § 550.56 Institution residential drug abuse treatment program.

Residential drug abuse treatment is available at selected Bureau of Prisons institutions. It is a course of individual and group activities provided by a team of drug abuse treatment specialists and the drug abuse treatment coordinator in a treatment unit set apart from the general prison population, lasting a minimum of 500 hours over a six to twelve-month period. Inmates enrolled in a residential drug abuse treatment program shall be required to complete subsequent transitional services programming in a community-based program and/or in a Bureau institution.

(a) *Eligibility.* An inmate must meet all of the following criteria to be eligible for the residential drug abuse treatment program.

(1) The inmate must have a verifiable documented drug abuse problem.

(2) The inmate must have no serious mental impairment which would substantially interfere with or preclude full participation in the program.

(3) The inmate must sign an agreement acknowledging his/her program responsibility.

(4) Ordinarily, the inmate must be within thirty-six months of release.

(5) The security level of the residential program institution must be appropriate for the inmate.

(b) *Application/Referral/Placement.* Participation in the residential drug abuse treatment program is voluntary. An inmate may be referred for treatment by unit or drug treatment staff or apply for the program by submitting a request to a staff member (ordinarily, a member of the inmate's unit team or the drug abuse treatment coordinator).

The decision on placement is made by the drug abuse treatment coordinator.

(c) *Completion.* Completion of the residential drug abuse treatment program requires attendance and participation in scheduled individual and group activities and a passing grade on examinations covering each separate subject module of the program. An inmate who fails an examination on any subject module ordinarily shall be allowed to retest one time. A certificate of achievement will be awarded to all who successfully complete the program. A copy of this certificate will be forwarded to the unit team for placement in the inmate's central file.

(d) *Withdrawal/expulsion.* (1) An inmate may withdraw voluntarily from the program.

(2) The drug abuse treatment coordinator may remove an inmate from the program based upon disruptive behavior related to the program. Ordinarily, staff shall provide the inmate with at least one warning prior to removal. An inmate may not ordinarily be removed immediately without warning unless the inmate, pursuant to an incident report, is found by the DHO to have:

(i) Used or possessed alcohol or drugs;

(ii) Been violent or threatened violence against staff or another inmate; or

(iii) Committed a 100 level prohibited act.

(3) Withdrawal or removal from the residential program may result in the inmate's being returned to his/her prior institution (when the inmate had been specifically transferred for the purpose of program participation).

[60 FR 27694, May 25, 1995]

### § 550.57 Incentives for residential drug abuse treatment program participation.

(a) An inmate may receive incentives for his or her satisfactory involvement in the residential program. These incentives may include, but are not limited to, the following.

(1) Limited financial awards, based upon the inmate's achievement/completion of program phases.

(2) Consideration for the maximum period of time (currently 180 days) in a Community Corrections Center placement, provided the inmate is otherwise eligible for this designation.

(3) Local institution incentives such as preferred living quarters or special recognition privileges.

(4) If eligible under § 550.58, consideration for early release.

(b) An inmate must meet his/her financial program responsibility obligations (see 28 CFR part 545) prior to being able to receive an incentive for his/her residential program participation.

(c) Withdrawal or removal from the residential program may result in the loss of incentives previously achieved.

[60 FR 27694, May 25, 1995]

### § 550.58 Consideration for early release.

An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.

(a) *Additional early release criteria.* (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

(i) INS detainees;

(ii) Pretrial inmates;

(iii) Contractual boarders (for example, D.C., State, or military inmates);

(iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;

(v) Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion;

(vi) Inmates whose current offense is a felony:

(A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or

(B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or

(C) That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or

(D) That by its nature or conduct involves sexual abuse offenses committed upon children.

(2) An inmate who had successfully completed a Bureau of Prisons residential drug abuse treatment program before October 1, 1989 is otherwise eligible if:

(i) Staff confirm that the completed program matches the treatment required by statute;

(ii) The inmate signs an agreement acknowledging his/her program responsibility;

(iii) The inmate completes a refresher treatment program and all applicable transitional services programs in a community-based program (i.e., in a Community Corrections Center or on home confinement); and

(iv) Since completion of the program, the inmate has not been found to have committed a 100 level prohibited act and has not been found to have committed a prohibited act involving alcohol or drugs.

(3) An inmate who has successfully completed a Bureau of Prisons residential drug abuse treatment program on or after October 1, 1989 is otherwise eligible if:

(i) The inmate completes all applicable transitional services programs in a community-based program (i.e., in a Community Corrections Center or on home confinement); and

(ii) Since completion of the program, the inmate has not been found to have committed a 100 level prohibited act and has not been found to have committed a prohibited act involving alcohol or drugs.

(b) *Application*—(1) *Inmates currently enrolled.* Eligible inmates currently enrolled in a residential drug abuse treatment program shall automatically be considered for early release.

(2) *Inmates who had previously completed program requirements.* Eligible inmates who have previously completed a residential drug abuse treatment program (or which matches the treatment required by statute) must notify the institution's drug abuse program coordinator via a Request to Staff in order to be considered for early release.

(c) *Length of reduction.* (1) Except as specified in paragraphs (c)(2) and (3) of this section, an inmate who is approved for early release may receive a reduction of up to 12 months.

(2) If the inmate has less than 12 months to serve after completion of all required transitional services, the amount of reduction may not exceed the amount of time left on service of sentence.

(3) If the inmate cannot fulfill his or her community-based treatment obligations by the presumptive release date, the Community Corrections Regional Administrator may adjust the presumptive release date by the minimum amount of time necessary to allow for fulfillment of the treatment obligations.

[60 FR 27695, May 25, 1995, as amended at 61 FR 25122, May 17, 1996; 62 FR 53691, Oct. 15, 1997]

### § 550.59 Transitional drug treatment services.

Transitional treatment programming is required for all inmates completing an institution's residential treatment program. Transitional treatment includes treatment provided to inmates who, upon completing the residential program, return to the general population of that or another institution or who are transferred to a community-based program. An inmate's refusal to participate in this program is considered a program failure and disqualifies the inmate for any additional incentives consideration, and may result in the inmate's redesignation.

(a) An inmate who successfully completes a residential drug abuse program and who participates in transitional treatment programming at an institution is required to participate in such programming for a minimum of one hour per month.

(b) An inmate who successfully completes a residential drug abuse program and who, based on eligibility, is transferred to a Community Corrections Center (CCC), is required to participate

in a community-based treatment program, in addition to the required employment and other program activities of the CCC. The inmate's failure to meet the requirements of treatment may result in the inmate's being returned to the institution for refusing a program assignment.

(c) An inmate with a documented drug abuse problem but who did not choose to volunteer for the residential drug abuse program may be required to participate in transitional services as a condition of participation in a community-based program with the approval of the transitional services manager.

[60 FR 27694, May 25, 1995]

§ 550.60 Inmate appeals.

(a) Administrative remedy procedures for the formal review of a complaint relating to any aspect of an inmate's confinement (including the operation of the drug abuse treatment programs) are contained in 28 CFR part 542, subpart B.

(b) In order to expedite staff response, an inmate who has previously been found to be eligible for early release must, when filing an administrative remedy request pursuant to 28 part CFR 542, subpart B on an action which would result in the inmate's loss of early release eligibility, indicate in the first sentence of the request that the request affects the inmate's early release.

[60 FR 27695, May 25, 1995]

# PART 551—MISCELLANEOUS

## Subpart A—Grooming

Sec.
551.1  Policy.
551.2  Mustaches and beards.
551.3  Hairpieces.
551.4  Hair length.
551.5  Restrictions and exceptions.
551.6  Personal hygiene.
551.7  Bathing and clothing.

## Subpart B—Marriages of Inmates

551.10  Purpose and scope.
551.11  Authority to approve a marriage.
551.12  Eligibility to marry.
551.13  Application to marry.
551.14  Special circumstances.
551.15  Furloughs.
551.16  Marriage ceremony in the institution.

## Subpart C—Birth Control, Pregnancy, Child Placement, and Abortion

551.20  Purpose and scope.
551.21  Birth control.
551.22  Pregnancy.
551.23  Abortion.
551.24  Child placement.

## Subpart D—Inmate Organizations

551.30  Purpose and scope.
551.31  Approval of an organization.
551.32  Staff supervision.
551.33  Dues.
551.34  Organization activities.
551.35  Withdrawal of approval of an organization.
551.36  Funding.

## Subpart E—Inmate Contributions

551.50  Policy.

## Subpart F—Volunteer Community Service Projects

551.60  Volunteer community service projects.

## Subpart G—Administering of Polygraph Test

551.70  Purpose and scope.
551.71  Procedures.

## Subpart H—Inmate Manuscripts

551.80  Definition.
551.81  Manuscript preparation.
551.82  Mailing inmate manuscripts.
551.83  Limitations on an inmate's accumulation of manuscript material.

## Subpart I—Non-Discrimination Toward Inmates

551.90  Policy.

## Subpart J—Pretrial Inmates

551.100  Purpose and scope.
551.101  Definitions.
551.102  Commitment prior to arraignment.
551.103  Procedure for admission.
551.104  Housing.
551.105  Custody.
551.106  Institutional employment.
551.107  Pretrial inmate reviews.
551.108  Performance pay.
551.109  Community activities.
551.110  Religious programs.
551.111  Marriage.
551.112  Education.
551.113  Counseling.